UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE ADAMS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. C12-5404 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 20), Plaintiff Jermaine Adams's ("Adams") objections to the R&R (Dkt. 21), and Defendant Carolyn W. Colvin's ("Commissioner") response to Adams's objections (Dkt. 22).

**I.    PROCEDURAL & FACTUAL BACKGROUND**

On July 5, 2013, Judge Creatura issued the R&R recommending that the Court reverse the Administrative Law Judge's ("ALJ") decision that Adams was not disabled under the Social Security Act ("SSA") thus denying him benefits and remand the case for further proceedings. Dkt. 20 at 20. On July 18, 2013, Adams filed objections to the

ORDER

R&R arguing that Judge Creatura erred in his determination of the need for further proceedings and requesting that the case be remanded for an immediate calculation of benefits. Dkt. 21 at 1. On August 1, 2013, the Commissioner responded in opposition to Adams objections, arguing that Judge Creatura did not err in his recommendation and remanding for an immediate award of benefits would be contrary to the law. Dkt. 22.

## II.  DISCUSSION

### A.  Standard of Review

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P 72(b)(3).

### B.  Application of Standard of Review

Adams stated that he found no other error in Judge Creatura's recommendations, excepting his failure to remand for immediate award of disability benefits. Dkt. 20 at 1. The Court agrees that Judge Creatura's other recommendations are not in error. Thus, the following paragraphs address Adams's contention that Judge Creatura erred in recommending reversal and remand for further proceedings rather than remanding for an immediate calculation of benefits.

Adams argues that Judge Creatura's decision to reverse and remand for further proceedings is error because an outright award of benefits is justified, as "there are no outstanding issues that must be resolved before a determination of disability can be made." Dkt. 21 at 1-2 (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

Adams essentially maintains there are no outstanding issues because the opinion of Dr. Todd Bowerly ("Dr. Bowerly") regarding the probable necessity of further intellectual testing on Adams, after receipt of the proper corrective lenses, is irrelevant to the outcome of his case because Dr. Bowerly "never expressed an opinion that the verbal IQ score was invalid." *Id.* at 2.  Thus, Adams effectively argues that because there is a valid verbal IQ, which is within the range for mental retardation, testing with corrective lenses is unnecessary, a mere affirmation that Dr. Bowerly never found the verbal IQ score invalid is sufficient to remand with direction for an immediate award of benefits  . *Id.*

      However, Adams fails to acknowledge that Judge Creatura found that the ALJ's decision had multiple harmful errors, which precluded remand for an immediate award of benefits.  Judge Creatura determined that the ALJ erroneously found that all of Adams's IQ scores, verbal, performance and full scale, were invalid based on Dr. Bowerly's opinion. Dkt. 20 at 17.  He found that an outright award of benefits would be inappropriate because Dr. Bowerly opined "that further testing of plaintiff's intellectual abilities" was warranted and "the ALJ assigned to this matter following remand may seek to develop the record" in this regard. *Id.* at 19.  He also determined remand for further proceedings was appropriate after finding the ALJ committed harmful error in not fully addressing the opinion of Teresa Mangin, M.D. ("Dr. Mangin"), "regarding plaintiff's need for frequent breaks while walking, need for a cane, and rare bending and crouching." *Id.* at 9.  Because Judge Creatura found the ALJ's hypothetical to the vocational expert did not contain all of the limitations opined by Dr. Mangin, remand to assess whether Plaintiff could perform other work at step five with Dr. Mangin's

ORDER

additional limitations was appropriate. *Id*. at 13.  Upon review of the ALJ's decision and the record, the Court agrees with Judge Creatura's assessments of the ALJ's decisions as well as his recommendations.

Thus, as the Commissioner argues, "Plaintiff's objection is fundamentally flawed because Magistrate Judge Creatura found there were plainly several" outstanding issues to be resolved before a disability determination could be made. Dkt. 22 at 1-2. Given the Court's agreement with Judge Creatura's analysis as set forth above, the Court concurs with the Commissioner that there is more than one issue that needs to be resolved before a determination of disability can be made.

Therefore, the ALJ's decision must be reversed and remanded for further proceedings and development of the record before a determination of disability can be made.  This is necessary because the SSA provides for an award of benefits only when it has been properly determined that a claimant is actually disabled within the standards set forth in the statute. *See* 42 U.S.C. § 423(a)(1),(d)(1)(A).  *Strauss v Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be").

### III.   ORDER

The Court having considered the R&R, Adams's objections, the Commissioner's response to those objections, and the remaining record, does hereby find and order as follows:

(1)	The R&R is **ADOPTED**;

ORDER

(2) The ALJ's decision is **REVERSED**;

(3) This action is **REMANDED** for further proceedings consistent with Judge Creatura's R&R;

(4) This action is **DISMISSED.**

Dated this 26th day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER